UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| John W. Dawkins, | ) | CASE NO. 4:15 CV 1554 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Ralph Hansen, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner John W. Dawkins is an inmate in the Federal Correctional Institution in Elkton, Ohio. He has filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and has paid the filing fee. For the reasons stated below, his petition is denied.

Petitioner challenges a 2008 sentence imposed on him by the District Court for the Northern District of Illinois. *See United States v. Toney, et al.,* 1: 07 CR 00094-3 (N.D. Ill.). In that criminal case, petitioner pleaded guilty to Counts II and III in a superseding indictment. The petitioner admitted in a plea agreement that he qualified as a career offender under the United States Sentencing Guidelines based on other convictions, and the district court sentenced him to 262 months imprisonment.

In this petition, petitioner challenges the constitutionality of his sentence as a career offender in light of the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" contained in a portion of the Armed Career Criminal Act, 18 U.S.C. §924(e) (ACCA), is void for vagueness and that imposing an increased sentence under that clause violates due process. The

petitioner seeks an order "vacating the sentence for Career Offender [and] for immediate release for time served."  (Doc. No. 1 at p. 1.)

### Discussion

A district court must conduct an initial review of *habeas corpus* petitions.  28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011).  The court must deny a petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief.  *Id.*  The allegations in the petition are accepted as true and liberally construed in the petitioner's favor.  *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Title 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain *habeas* relief.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while §2241 "is appropriate for claims challenging the execution or manner in which the sentence is served."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. §2255.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "saving clause" in §2255, 28 U.S.C. §2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention."  *Terrell*, 564 F.3d at 447.  Section 2255 relief is not inadequate or ineffective merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion.

*Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held that the savings clause applies to allow a §2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012). Actual innocence means "factual innocence"; the petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 Fed. App'x at 443.

Although the petitioner refers to actual innocence in his petition, he does not contend he is actually innocent of the underlying federal crimes to which he pleaded guilty. Rather, he challenges only his sentence as a career offender. The Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. §2241. *See Brown v. Hogsten*, 503 Fed. App'x 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241"); *Hayes*, 473 Fed. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims"); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . ."). Accordingly, the petitioner's challenge to his sentence is not cognizable under §2241.

The United States Court of Appeals for the Seventh Circuit has held that *Johnson* applies retroactively on collateral review for purposes of filing a second or successive petition to vacate, set aside or correct a sentence under 28 U.S.C. §2255. *See Price v. United States*, 795 F.3d 731, 734-35 (7th Cir. 2015) (granting petitioner's application to file a second or successive §2255 petition to challenge his sentence on the basis of *Johnson*). *Price* thus indicates that to the extent

the petitioner has a valid basis to challenge the constitutionality of his sentence based on *Johnson*, his proper remedy is to seek permission to file a second §2255 motion in the sentencing court.

## Conclusion

For the reasons stated above, this Section 2241 petition is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE